**SO ORDERED: December 17, 2007.**



_____
**Frank J. Otte**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| AUTO AUCTION ENTERPRISES, INC. | ) | CASE NO. 05-17018-FJO-7 |
| | ) | |
| DEBTOR. | ) | |
| _____ | ) | |
| JOANNE B. FRIEDMEYER, | ) | |
| CHAPTER 7 BANKRUPTCY TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ADVERSARY PROCEEDING |
| | ) | NO. 06-50409 |
| AUCTION BROADCASTING | ) | |
| COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING DEFENDANT'S MOTION FOR JUDGMENT ON PARTIAL FINDINGS

This matter comes before the Court following trial on the Complaint of Plaintiff Joanne

B. Friedmeyer, Chapter 7 Trustee ("Trustee") of Auto Auction Enterprises ("Debtor") against

defendant Auction Broadcasting Company, LLC ("Defendant") and the Motion for Judgment on Partial Findings made in open court by counsel for Defendant. The Trustee personally appeared and was represented by counsel, Mark S. Gray. Defendant appeared by its representative, Candace Marendt, and by counsel, James E. Rossow, Jr. and Vincent A. Gorski. The Court, being duly advised in the premises following the close of the presentation of the Trustee's evidence, determines that Judgment on Partial Findings should be entered against the Trustee and in favor of Defendant pursuant to Rule 52(c) of the Federal Rules of Civil Procedure.

## I.   FINDINGS OF FACT

1. On August 26, 2005 (the "Petition Date"), Debtor filed its Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). The Trustee was appointed interim trustee shortly after the bankruptcy filing, and became the case trustee following the First Meeting of Creditors.

2. On September 7, 2006, the Trustee filed a Complaint to Avoid Transfer of Property and to Recover Property ("Complaint"), naming "Auto Broadcasting Company, LLC" as the defendant. The Trustee sought to avoid payments that were made by check and by Automated Clearing House transaction ("ACH") to ABC Indianapolis, LLC.[1] The transfers sought by the Trustee are unavoidable as preferences because the Defendant was not the transferee and they were made in the ordinary course of business between Debtor and ABC Indianapolis, LLC in accordance with ordinary business terms.

3. At all times relevant to the allegations in the Trustee's complaint, Defendant was a domestic for-profit limited liability company registered with the Indiana Secretary of State and actively doing business at its principal business address, 1919 South Post Road, Indianapolis, IN

46239.  Furthermore, at all times relevant to the allegations in Plaintiff's complaint, ABC Indianapolis, LLC was a domestic for-profit limited liability company registered with the Indiana Secretary of State and actively doing business at its principal business address, 3110 South Post Road, Indianapolis, Indiana 46239.

4. On February 20, 2004, Debtor as borrower entered into a Promissory Note and Security Agreement with ABC Indianapolis, LLC.  Contained within the Promissory Note and Security Agreement was a Line of Credit Note and Unconditional Guaranty.  Pursuant to the terms of the documents executed on February 20, 2004, ABC Indianapolis, LLC sold Debtor more than 280 cars from August 2004 to July 2005.

5. Between May 28, 2005 and August 26, 2005, the 90-day period preceding Debtor's bankruptcy filing (the "Preference Period"), Debtor made transfers by check to ABC Indianapolis, LLC in the aggregate sum of $139,470.00.[2]  The transfers by check were made payable to "ABC Indianapolis, LLC" or "ABC."  These checks were endorsed by ABC Indianapolis, LLC for deposit only, and they were deposited into an account owned by ABC Indianapolis, LLC.  These payments were made in the ordinary course of business between Debtor and ABC Indianapolis, LLC.  Plaintiff did not present this Court with any evidence indicating that the Defendant received any transfers made by check.

6. During the Preference Period, ABC Indianapolis, LLC received ACH transfers from DSC, a third-party payor, in the aggregate sum of $105,910.00.  These ACH transfers were deposited into an account owned by ABC Indianapolis, LLC.  The ACH payments were made in the ordinary course of business between Debtor and ABC Indianapolis, LLC and according to ordinary business terms.  Plaintiff did not present this Court with any evidence indicating that the Defendant received any payments by ACH.

7.  In addition to providing her own testimony, the Trustee called three witnesses: Steven Wilson, Debtor's accountant; Shelly Castle, fraud investigator for Sky Bank f/k/a Union Federal Bank; and Candace Marendt, manager for Defendant.  Thereafter, the Trustee rested her case.

8.  The Court finds the testimony of the representative of Auction Broadcasting, LLC, Candace Marendt, who the Trustee elected to call as a witness, to be credible.  Ms. Marendt was a manager for Defendant at the time the transfers sought by the Trustee were made to ABC Indianapolis, LLC.

9.  The evidence adduced during direct and cross-examination of Candace Marendt supports a finding that the transfers are not avoidable as preferences because:  (I) Defendant did not receive the transfers; and (ii) the transfers occurred in the ordinary course of business between Debtor and ABC Indianapolis, LLC in accordance with ordinary business terms.

10. The Court finds that the Trustee has not demonstrated that she can avoid the transfers enumerated in the Complaint as against the Defendant.

## II.   CONCLUSIONS OF LAW

1.  Any Finding of Fact may be treated as a Conclusion of Law, and any Conclusion of Law may be treated as a Finding of Fact, as appropriate in order to support the rulings of this Court.

2.   All of the transfers the Trustee seeks to avoid are, as a matter of law, not avoidable because they were made within the ordinary course of business of Debtor and ABC Indianapolis, LLC in accordance with ordinary business terms.  Furthermore, the Trustee has not demonstrated that Defendant received any of the transfers the Trustee seeks to avoid.

3.  Bankruptcy Code Section 547 empowers the Trustee to avoid transfers of a debtor's property in certain circumstances:

>     (b) Except as provided in subsections (c) and (I) of this section, the trustee may avoid any transfer of an interest of the debtor in property–
>       (1) to or for the benefit of a creditor;
>       (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>       (3) made while the debtor was insolvent;
>       (4) made–
>         (A) on or within 90 days before the date of the filing of the petition; or
>         (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>       (5) that enables such creditor to receive more than such creditor would receive if–
>         (A) the case were a case under chapter 7 of this title;
>         (B) the transfer had not been made; and
>         (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

4. Bankruptcy Code Section 550 defines from whom the Trustee may recover a preferential transfer:

>     (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from–
>       (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
>       (2) any immediate or mediate transferee of such initial transferee.

5. Furthermore, Bankruptcy Code Section 547(c)(2) provides that the Trustee may not avoid a transfer that was:

>     (A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee; (B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and (C) made according to ordinary business terms;

6. The Trustee cannot avoid the transfers enumerated it the Complaint because she has not met the statutory burden of showing that the transfers were received by the Defendant, Auction Broadcasting Company, LLC, as alleged by the Trustee.[3] In the present case, the transfers were made to "ABC Indianapolis, LLC," not Defendant. The Trustee has not asserted a

claim against ABC Indianapolis, LLC.

7.      Because the Court determines that the ordinary course of business exception applies to this case and because the Trustee has not asserted a claim against ABC Indianapolis, LLC, the entity which received the transfers enumerated in the Complaint, the Court finds that Judgment should be entered in favor of Defendant and against the Trustee on all claims.  In light of the evidence elicited on direct examination and cross-examination of the Trustee's witnesses, together with the documents entered into evidence, the Court finds that it is unnecessary to hear Defendant's presentation of evidence and direct examination of Defendant's witnesses on:  (I) the Trustee's failure to establish that Auction Broadcasting Company, LLC received the transfers enumerated in the Complaint; and (ii) that the subject transfers are not avoidable because they were made in the ordinary course of business in accordance with ordinary business terms pursuant to 11 U.S.C. § 547(c)(2).

8.      Moreover, any claim under Bankruptcy Code Section 547(b) is subject to the defenses set forth in subsection (c).  Based on the documentary evidence and the testimony elicited on direct examination and cross examination of Candace Marendt at trial, it is apparent that the ordinary course of business exception of Bankruptcy Code Section 547(c)(2) applies to the transfers at issue to provide a full defense to the Trustee's claims.  When a creditor does not receive preferred treatment by a debtor, the creditor is entitled to a defense to a trustee's preference claim.  In this case, neither Auction Broadcasting Company, LLC nor ABC Indianapolis, LLC received preferred treatment by the Debtor because the payments were made in the ordinary course of business of Debtor and ABC Indianapolis, LLC in accordance with ordinary business terms.

Contemporaneous herewith, the Court will enter judgment as provided herein.

###

---

[1] The Trustee neither named ABC Indianapolis, LLC as a defendant in this proceeding nor served it with Summons. Nonetheless, on August 22, 2007, the Trustee filed a Correction of Scrivener's Error and Notice of Intent to Proceed ("Notice"), stating that the Trustee "intends to proceed against Auction Broadcasting Company, LLC as the defendant in the trial of this adversary proceeding." Prior to presentation of Plaintiff's case in chief, Defendant consented to commencing the action against Auction Broadcasting Company, LLC, while noting that Auction Broadcasting Company, LLC did not receive the transfers enumerated in the Complaint and that it was a legally distinct entity from ABC Indianapolis, LLC, the actual transferee.

[2] The Trustee sought to avoid a total of $157,375.00 in check transfers. However, three of the transfers which the Trustee sought to avoid were paid outside the Preference Period. Accordingly, the aggregate sum of preference period transfers made by check was $139,470.00.

[3] The Trustee as Plaintiff has the burden of proving the avoidability of a transfer pursuant to Section 547(b). 11 U.S.C. § 547(g). The Trustee shall prove the avoidability of a transfer as to the first, second, fourth, and fifth elements of § 547(b) by a preponderance of the evidence. *In re Prescott*, 805 F.2d 719, 726 (7th Cir. 1986).